UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

Robert McFarland

*(Enter above the full name of the plaintiff or plaintiffs in this action).*

*(Inmate Reg. # of each Plaintiff)*

**VERSUS**

CIVIL ACTION NO. 2:15-CV-12922
*(Number to be assigned by Court)*

Joe Wimmer, Tim Perkins, David Miller, Charles Legg, William Sutphin, Margaret Clifford, Jane Doe I, and John Doe I

*(Enter above the full name of the defendant or defendants in this action)*

FILED
SEP - 3 2015
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

## COMPLAINT

I. **Previous Lawsuits**

    A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

        Yes _____ No ✓

1

B.  If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

   1.  Parties to this previous lawsuit:

       Plaintiffs:  _See Attached_

       Defendants: _____

   2.  Court (if federal court, name the district: if state court, name the county):

       _See Attached_

   3.  Docket Number: _____

   4.  Name of judge to whom case was assigned:

       _____

   5.  Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?

       _____

   6.  Approximate date of filing lawsuit: _____

   7.  Approximate date of disposition: _____

2

II. Place of Present Confinement: Mount Olive Correctional Complex

    A. Is there a prisoner grievance procedure in this institution?

        Yes ✓        No ___

    B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

        Yes ✓        No ___

    C. If your answer is YES:

        1. What steps did you take? See Attached

        2. What was the result? See Attached

    D. If your answer is NO, explain why not: ___

III. Parties

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

    A. Name of Plaintiff: See Attached

        Address: ___

    B. Additional Plaintiff(s) and Address(es): ___

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item D for the names, positions, and places of employment of any additional defendants.)

C. Defendant: _____

   is employed as: _____

   at _____

D. Additional defendants: _____

_____

_____

_____

## IV. Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

*See Attached*

_____

_____

_____

_____

_____

IV. **Statement of Claim (continued):**

See Attached

V. **Relief**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

See Attached

V.   **Relief (continued):**

_____see Attached_____

_____

_____

_____

_____


VII.  **Counsel**

    A.   If someone other than a lawyer is assisting you in preparing this case, state the person's name:

_____N/A_____

    B.   Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

            Yes _____     No ✓

If so, state the name(s) and address(es) of each lawyer contacted:

_____

_____

If not, state your reasons: __Don't Know any_____

_____

    C.   Have you previously had a lawyer representing you in a civil action in this court?

            Yes _____     No ✓

If so, state the lawyer's name and address:

_____

_____

Signed this __31 st__ day of __August_____, 20 _15_.

_____

_____

_____

Signature of Plaintiff or Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __31 st day of August, 2015__.
            (Date)

_____
Signature of Movant/Plaintiff

_____N/A_____
Signature of Attorney
(if any)

United States District Court Southern District of West Virginia
Charleston Division

Robert McFarland,
    Plaintiff,

vs.                                              Civil Action No.

Joe Wimmer; Tim Perkins;
David Miller; Charles Legg;
William Sutphin; Margaret Clifford;
Jane Doe I; and John Doe I;
sued in their individual and official capacities,
    Defendants.

## Verified Complaint With Jury Demand

### Introduction

(1) This is a civil rights action filed by Robert McFarland, a state prisoner, for damages, declaratory and injunctive relief under 42 U.S.C. § 1983, alleging excessive use of force in violation of the Eighth and Fourteenth Amendment to the United States Constitution. The Plaintiff also alleges the torts of assault and battery in violation of Article III, § 5, of the West Virginia Constitution.

### Jurisdiction

(2) This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States; and pursuant to 28 U.S.C. § 1343(a)(3) because this

action seeks to redress the deprivation, under color of state law, of civil rights.

(3) This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. 57.

(4) This Court has jurisdiction to grant injunctive relief pursuant to Fed. R. Civ. P. 65.

(5) This Court has supplemental jurisdiction over the Plaintiff's state law tort claims under 28 U.S.C. §1367

## Venue

(6) Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because Defendants' reside in this district; and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

(7) The Plaintiff, Robert McFarland, was incarcerated at Mount Olive Correctional Complex (MOCC) during the events discribed in this complaint.

(8) Defendant's Joe Wimmer, David Miller, and Charles Legg are correctional sergeant's employed at MOCC. They are sued in their individual and official capacities.

(9) Defendant's Tim Perkins and William Sutphin are correctional officers employed at MOCC. They are sued in their individual and official capacities.

(10) Defendant Margaret Clifford is a correctional captain employed at MOCC. She is sued in her individual and official capacities.

(11) Defendant John Doe I is a correctional lieutenant employed at MOCC

He is sued in his individual and official capasities.

(12) Defendant Jane Doe I is a correctional officer employed at MOCC. She is sued in her individual and official capasities.

## Previous Lawsuits by Plaintiff

(13) Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

## Exhaustion of Administrative Remedies

(14) The Plaintiff has exhausted his administrative remedies with respect to all claims and all Defendants'. (See, Exhibit 1)

## Statement of Claim

(15) At all relevant times herein, Defendants' were "persons" for purposes of 42 U.S.C. § 1983 and acted under color of law to deprive Plaintiff of his constitutional rights, as set forth more fully below.

## Statement of Facts

(16) On or around March 29, 2014, the Plaintiff was confined in MOCC's housing unit Start Hall, side one, cell 133.

(17) The Plaintiff, on the aforesaid date, was walking laps within Start's day room, which is the inmates common area.

(18) When other inmate's began to clap as Defendant Jane Doe I was being releifed from her assigned post on Staurt Hall, side one.

(19) The Plaintiff at no time participated in the clapping.

(20) Around 10-15 minutes later Defendant's Joe Wimmer, Tim Perkins, David Miller, Charles Legg, William Sutphin, Mararet Clifford, and John Doe I entered Stuart Hall, side one.

(21) At that time the Defendant's gave verbal orders to "lock down"

(22) The Plaintiff stated "[t]hat's fuck'n bullshit," or something in that form, while complying with the Defendant's previous order to "lock down."

(23) As the Plaintiff attempted to comply with said order Defendant Wimmer, without any warning, placed the Plaintiff in a rear choke hold and arm bar.

(24) The Plaintiff at no time was a threat to himself, other inmates, staff, Defendants', or state property.

(25) While Defendant Wimmer held the Plaintiff in that rear choke hold and arm bar, the Plaintiff never resisted.

(26) After Defendant Wimmer placed the Defendant in a rear choke hold and arm bar, he slammed the Plaintiff's face into a cell door; and then slammed the Plaintiff's face and chest on the concrete floor.

(27) Again, the Plaintiff still never resisted even after being slammed off a cell door, and concrete floor face and chest first.

(28) Once Defendant Wimmer slammed the Plaintiff on the floor Defendant's Tim Perkins and William Sutphin placed their hand's on the Plaintiff's head and smashed his face into the concrete floor.

(29) It was not until 3-5 minutes after the Plaintiff was put on the floor and had his face smashed into the floor did the Defendant's place him in mechanical restraints.

(30) Upon information and belief, once the Plaintiff is placed on the ground he is to immediately be put into mechanical restraints and secured. For the Plaintiff's safety, officer's safety, and other inmates safety.

(31) Not put on the ground and choked and faced smashed into the floor by the Defendant's Wimmer, Perkins, and Sutphin.

(32) While the excessive use of force incident and assault and battery occurred, referenced in paragraphs 20-31, Defendant's David Miller, Charles Legg, Margaret Clifford, Jane Doe I, and John Doe I failed to intervene when Defendant's Wimmer, Perkins and Sutphin used said excessive force, assault and battery.

(33) Defendant's Miller, Legg, Clifford, Jane Doe I and John Doe I had a realistic opportunity to prevent and/or stop the beating referenced in paragraphs 20-31.

(34) As a direct result of Defendant's Wimmer, Perkins, and Sutphin excessive use of force, and assault and battery; and Defendant's Miller, Legg, Clifford, and Jane and John Doe I failure to intervene the Plaintiff suffered, and continues to suffer from, including but not limited to swelling in the face and jaw, breathing problems in the nose and throat, sharp pain and limited movement in the right shoulder and arm.

(35) During the incident referenced in paragraphs 20-34 the Defendant's Wimmer, Perkins, and Sutphin repeatedly yelled at the Plaintiff to "fight back," and said "now run your fuck'n mouth" in an attempt to provoke the plaintiff and belittle him.

(36) During the incident referenced in paragraphs 15-35 Defendant's Wimmer, Perkins, and Sutphin excessive use of force, and assault and battery; and Defendant's Miller, Legg, Clifford, and Jane and John Doe I failure to intervene was not done and/or applied in a good-faith effort to maintain or restore discipline because the Plaintiff, including every other inmate housed on Stuart Hall, complied with the Defendants' verbal order to "lock down." Nor was the Plaintiff or any other inmate on Stuart Hall a threat to themselves, staff, Defendants', other inmates, or state property.

## Claims For Relief

(20) Count One: Assault

(37) Defendant's Wimmer, Perkins, and Sutphin exercised deliberate indifference to Plaintiff's health and safety by provoking and taunting

him to "fight back," and saying "now run your fuck'n mouth" in violation of state law. As a direct result of these Defendant's assault the Plaintiff sustained multiple physical injuries, including but not limited to swelling and bruises upon his face and jaw, breathing problems in his nose and throat, as well as migraine headaches and dizziness, and sharp pain and limited movement in the right shoulder and arm.

Count Two: Battery

(38) Defendant Wimmer excercised deliberate indifference to Plaintiff's health and safety by maliciously and sadistically, without warning, putting the Plaintiff in a rear choke hold and arm bar while the Plaintiff was complying with a verbal order to "lock down."

(39) Defendant Perkins and Sutphin exercised deliberate indifference to Plaintiff's health and safety by maliciously and sadistically smash the Plaintiff's face into the concrete floor while he was held in a choke hold and arm bar and not resisting in any way or form.

(40) As a result of the deliberate indifference exercised by the aforesaid Defendant's, Plaintiff suffered serious harm at their hands. Plaintiff sustained multiple physical injuries, including but not limited to swelling and brusies upon his face and jaw, breathing problems in his nose and throat, as well as migraine headaches and dizziness, and sharp pain and limited movement in the right shoulder and arm.

Count Three: Excessive Use of Force

(41) Defendant Wimmer exercised deliberate indifference to Plaintiff's health and safety by maliciously and sadistically, without warning, put the Plaintiff in a rear choke hold and arm bar while the Plaintiff was complying with a verbal order to "lock down."

(42) Defendant's Perkins and Sutphin exercised deliberate indifference to Plaintiff's health and safety by maliciously and sadistically smashed the Plaintiff's face into the concrete floor while being held in a choke hold and arm bar and not resisting in any way or form.

(43) As a result of the deliberate indifference exercised by the aforesaid Defendant's, Plaintiff suffered serious harm at their hands. Plaintiff sustained multiple physical injuries, including but not limited to swelling and brusies upon his face and jaw, breathing problems in the nose and throat, as well as migraine headaches and dizziness, and sharp pain and limited movement in the right shoulder and arm. Plaintiff also suffered extreme emotional distress from the incident.

Count Four: Breach of Duty To Protect.

(44) Defendant's Perkins, Sutphin, Miller, Legg, Clifford, and Jane and John Doe I exercised deliberate indifference to Plaintiff's health and safety by failing to intervene when Defendant Wimmer placed the Plaintiff in a choke hold and arm bar while complying with a verbal order to "lock down". Then, slamming the Plaintiff's face off a cell door; and slamming his face into the concrete floor.

(45) Defendant's Miller, Legg, Clifford, and Jane and John Doe I

exercised deliberate indifference to Plaintiff's health and safety by failing to intervene after Defendant Wimmer held him in a choke hold and arm bar while Defendant's Perkins and Sutphin smashed the Plaintiff's face into the concrete; and Defendant's Wimmer, Perkins, and Sutphin verbally taunted the Plaintiff to "fight back."

(46) As a result of the deliberate indifference exercised by the aforesaid Defendant's, Plaintiff suffered serious harm at the hands of their fellow officers. Plaintiff sustained multiple physical injuries, including but not limited to swelling and brusies upon his face and jaw, breathing problems in the nose and throat, as well as migraine headaches and dizziness, and sharp pain and limited movement in the right shoulder and arm. Plaintiff also suffered extreme emotional distress from the incident.

## Relief Requested

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Issue a declaratory judgment stating that:
(1) The physical abuse of the Plaintiff by Defendant's Wimmer, Perkins, and Sutphin violated the Plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under West Virginia State law.
(2) Defendant's Miller, Legg, Perkins, Sutphin, Clifford, and Jane and John Doe I failure to intervene during the use of force described in this complaint violate's the Plaintiff's Eighth and Fourteenth Amendment to the United States Constitution

B. Issue an injunction ordering Defendant's Wimmer, Perkins, Sutphin, Miller, Legg, Clifford, Jane and John Doe I to:
(1) Immediately arrange for the Plaintiff's need for physical therapy or order other follow-up medical treatment to be evaluated by a medical practitioner with expertise in the treatment of migraine headaches and dizziness; and treatment and restoration and function of shoulders and arms.
(2) Carry out without delay the treatment directed by such medical practitioner(s)
C. Award compensatory damages jointly and severally against the Defendants'
D. Award punitive damages against the Defendants'
E. Grant such other relief as it may appear that Plaintiff is entitled.

Respectfully submitted,

_____ 3452150
Robert McFarland #
Mount Olive Correctional Complex
One Mountainside Way
Mount Olive, West Virginia 25185
 - Pro Se -

Dated this 31st day of August, 2015

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct

_____
Robert McFarland # 3452150